1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

11    JUAN MARCOS LEDESMA,

12                    Petitioner,              No. 2:12-cv-2169 TLN AC P

13            vs.

14    RON BARNES,

15                    Respondent.              FINDINGS & RECOMMENDATIONS

16    _____/

17            Petitioner, a state prisoner proceeding pro se and in forma pauperis, proceeds with

18    a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is

19    respondent's motion to dismiss the petition as untimely.  Petitioner opposes the motion.  Upon

20    review of the motion, the documents in support and opposition, and good cause appearing

21    therefor, THE COURT FINDS AS FOLLOWS:

22                    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

23            On May 1, 2007, petitioner pled no contest to nineteen counts of burglary and

24    admitted numerous prior convictions.  Pet. at 1; Lod. Doc. No. ("LD") 1.  On June 6, 2007,

25    petitioner was sentenced to a determinate term of sixty-seven years and four months.  Petitioner

26    did not file a direct appeal.  The State, however, did file an appeal that it later dismissed.  See LD

1

2.  The California Court of Appeal, Third Appellate District, dismissed the appeal on October 11, 2007 and issued a remittitur.  Id.

On February 6, 2012, petitioner filed a petition for writ of habeas corpus in the Placer County Superior Court.  LD 3.  On February 10, 2012, the petition was denied.  LD 4.

On March 25, 2012, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District.  LD 5.  That petition was denied on April 5, 2012.  LD  6.

On May 7, 2012, petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  LD 7.  That petition was denied with citation to In re Robbins, 18 Cal. 4th 770, 780 (Cal. 1998).  LD 8.

On August 20, 2012, petitioner initiated this action, raising the following grounds for relief: sentencing error and ineffective assistance of trial counsel.  On December 7, 2012, respondent filed the instant motion to dismiss, which petitioner opposes.

DISCUSSION

Section 2244(d) of Title 28 of the United States Code contains a statute of limitations for filing a habeas petition in federal court:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims

1    presented could have been discovered through the exercise of due
     diligence.
2
     (2) The time during which a properly filed application for State post-conviction or
3    other collateral review with respect to the pertinent judgment or claim is pending
     shall not be counted toward any period of limitation under this subsection.
4
5    28 U.S.C. § 2244.

6              In most cases, the limitations period begins running on the date that the

7    petitioner's direct review becomes final, pursuant to subsection (d)(1)(A).  In such cases, a

8    federal petition for writ of habeas corpus ordinarily must be filed within one year after the state

9    court judgment becomes final by the conclusion of direct review or the expiration of time to seek

10   direct review.  E.g., Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010).  When a habeas

11   petitioner seeks discretionary review by the state's highest court but does not file a petition with

12   the United States Supreme Court, the judgment becomes final when the prisoner's time to

13   petition the Supreme Court expires.  See Gonzalez v. Thaler, __ U.S. __, 132 S. Ct. 641, 653-54

14   (2012).  A petition filed in the United States Supreme Court must be filed within ninety days

15   after entry of judgment in the state court.  See Sup. Ct. R. 13-1.

16             In this case, petitioner never sought direct  review in the state's highest court.

17   The judgment became final for the purposes of AEDPA on October 11, 2007, the day the State's

18   direct appeal was dismissed by the California Court of Appeal, Third Appellate District, and a

19   remittitur issued.  The limitations period began to run the following day on October 12, 2007 and

20   ended one year later on October 11, 2008.  Petitioner, did not initiate this action until August 20,

21   2012, long after the AEDPA statute of limitations expired.

22             1.    Statutory Tolling

23             The time during which a "properly filed" application for state post-conviction or

24   collateral review (including California habeas proceedings) is pending does not count toward the

25   one-year limitations period.  28 U.S.C. § 2244(d)(2); Porter v. Ollison, 620 F.3d at 958.   An

26   application is "properly filed" when its delivery and acceptance are in compliance with the

3

applicable laws and rules governing filings. <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000). Untimely

petitions are not properly filed. <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 417 (2005) (where state

court rejects petition as untimely, it was not "properly filed" and petitioner is not entitled to

statutory tolling); <u>Carey v. Saffold</u>, 536 U.S. 214, 225-26 (2002). Tolling continues during the

intervals between a lower court's decision and the proper filing of a new petition in a higher

court, as long as there is no unreasonable delay between the applications. <u>Carey</u>, 536 U.S. at

223.           A state petition filed after the expiration of the statute of limitations has no effect

on the timeliness analysis. <u>See</u> <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir.), <u>cert. denied</u>,

540 U.S. 924 (2003) (state petition filed after expiration of § 2244 period cannot resuscitate

expired period); <u>Jiminez v. Rice</u>, 276 F.3d 478, 482 (9th Cir. 2001), <u>cert. denied</u>, 538 U.S. 949

(2003).

           Petitioner filed his petition for writ of habeas corpus in the state superior court on

February 6, 2012. Because that petition was filed after the expiration of the statute of

limitations, it did not toll the one-year period. <u>See</u> <u>Jiminez</u>, 276 F.3d at 482. Furthermore, the

California Supreme Court denied petitioner's habeas petition with citation to <u>In re Robbins</u>. A

citation to <u>Robbins</u> indicates that a habeas petition has been denied as untimely. <u>Walker v.</u>

<u>Martin</u>, __ U.S. __, 131 S. Ct. 1120, 1124 (2011). The state court's untimeliness ruling would

deprive the state habeas petition of tolling effect even if there was a limitations period left to toll.

<u>See</u> <u>Carey</u>, 536 U.S. at 225-26.

           For these reasons, the federal petition is time-barred unless the statute of

limitations was equitably tolled.

     2.     <u>Equitable Tolling</u>

           A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of

limitations only if the petitioner shows: (1) that he has been pursuing his rights diligently; and

(2) that some extraordinary circumstances stood in his way and prevented timely filing. <u>See</u>

<u>Holland v. Florida</u>, __ U.S. __, 130 S. Ct. 2549, 2562 (2010); <u>Ramirez v. Yates</u>, 571 F.3d 993,

997 (9th Cir. 2009).  The diligence required for equitable tolling purposes is "reasonable

diligence," not "maximum feasible diligence."  See Holland, 130 S.Ct. at 2565; see also Bills v.

Clark, 628 F.3d 1092, 1096 (9th Cir. 2010).

As to the extraordinary circumstances required, the Ninth Circuit has held that the

circumstances alleged must make it impossible to file a petition on time, and that the

extraordinary circumstances must be the cause of the petitioner's untimeliness.  See Bills, 628

F.3d at 1097 (citing Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003)).  This is a very high

threshold, "lest the exceptions swallow the rule."  See Miranda v. Castro, 292 F.3d 1063, 1066

(9th Cir.), cert. denied, 537 U.S. 1003 (2002).

For example, the Ninth Circuit has found that a prisoner's lack of access to his

legal file may warrant equitable tolling, but that "ordinary prison limitations on [petitioner's]

lack of access to the law library and copier (quite unlike the denial altogether of access to his

personal legal papers) were neither 'extraordinary' nor made it 'impossible' for him to file his

petition in a timely manner."  Ramirez, 571 F.3d at 998 (prisoner not entitled to equitable tolling

for time in administrative segregation when he had only limited access to law library and copier).

Petitioner has presented no grounds to support equitable tolling.  In his

opposition, he argues only that the one-year statute of limitations does not apply to his petition

because he is challenging his sentence, not his conviction.  Petitioner has cited no authority for

this proposition, which is contrary to law.  28 U.S.C. § 2254 provides the sole vehicle for a state

prisoner to challenge a criminal judgment including the sentence, and all claims brought

pursuant to § 2254 are subject to the same procedural rules including the one year statute of

limitations.  Indeed, the statute of limitations was established by the Anti-Terrorism and

Effective Death Penalty Act of 1996 ("AEDPA").  See Patterson v. Stewart, 251 F.3d 1243,

1245 (9th Cir. 2001).  As the Supreme Court has noted, "Congress enacted AEDPA to reduce

delays in the execution of state and federal criminal *sentences . . .*"  Woodford v. Garceau, 538

U.S. 202, 206 (2003) (emphasis added).  The statute of limitations applies to challenges to

1   convictions and sentences alike.  <u>See</u> <u>Connell v. Hubbard</u>, 2012 WL 4433282 (E.D. Cal. 2012)

2   (dismissing § 2254 challenge to sentence as untimely because it was filed after the one year

3   statute of limitations); <u>Eisenmann v. Bartos</u>, 2007 WL 951960 (D. Ariz. 2007) (same); <u>Greenhaw</u>

4   <u>v. Clarke</u>, 2008 WL 2788407 (E.D. Cal. 2008) (same).

5            In his petition, petitioner asserts that he did not previously seek review of the

6   claims presented here because "third party legal review found listed grounds for reliew [sic] and

7   errors."  Pet. at 6.  This statement does not establish petitioner's diligence or identify any

8   extraordinary circumstances that stood in his way and prevented him from filing a timely

9   petition.

10           Accordingly, IT IS HEREBY RECOMMENDED that:

11           1.  Respondent's December 7, 2012 motion to dismiss be granted; and

12           2.  This action be dismissed with prejudice.

13           These findings and recommendations are submitted to the United States District

14   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

15   eight days after being served with these findings and recommendations, any party may file

16   written objections with the court and serve a copy on all parties.  Such a document should be

17   captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are

18   advised that failure to file objections within the specified time may waive the right to appeal the

19   District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

20   DATED: May 14, 2013

21

22                                         ALLISON CLAIRE
                                          UNITED STATES MAGISTRATE JUDGE
23

24   /mb;lede2169.mtd

25

26

                                               6